UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :

EUGENE C. CHIARA,                    :          CASE NO. 1:16-CV-230

              Plaintiff,         :

                                    :

              vs.                 :          OPINION & ORDER
                                    :          [Resolving Doc. 12]

CAROLYN W. COLVIN,            :
Acting Commissioner of Social Security,   :

                                    :

             Defendant.      :

                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiff Eugene C. Chiara seeks review of the denial of Supplemental Security Income and Disability Insurance Benefits.[1] Magistrate Judge Jonathan D. Greenberg recommended affirming the Administrative Law Judge's denial of benefits.[2] Plaintiff objects.[3] For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Recommendation, and **AFFIRMS** the Administrative Law Judge's decision.

## I. Background

       In August 2012, Plaintiff Chiara filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[4] Chiara alleged a disability onset date of November 15, 2011, and claimed his disability was due to anxiety and depression.[5] Plaintiff's claim was administratively denied, and Chiara requested a hearing before an administrative law judge ("ALJ").[6]

---

[1] Doc. 1.
[2] Doc. 11.
[3] Doc. 12.
[4] Doc. 8 at 19.
[5] *Id.*
[6] *Id.* at 150-56.

Case No. 1:16-CV-230
Gwin, J.

In December 2014, the ALJ decided that Chiara was not disabled "at any time" between the alleged onset date and the decision date.[7] The agency's Appeals Council denied review of the ALJ's decision.[8]

The ALJ reasoned that Plaintiff Chiara's mental impairments did not rise to the level of disability under federal law.[9] The ALJ reached this decision despite treating psychiatrist Dr. Elaine Campbell's opinion that Chiara's anxiety, depression, agoraphobia, and insomnia rendered him "totally disabled."

In discounting Dr. Campbell's opinion, the ALJ cited evidence including Chiara's ability to socialize, care for his personal needs, care for a dog, perform housework, and exercise daily.[10] Accordingly, the ALJ concluded that, with the exception of brief periods of less than twelve continuous months, Chiara was capable of performing basic work activities.[11]

On February 1, 2016, Plaintiff Chiara filed an appeal of the ALJ's decision with this Court.[12] On November 10, 2016, Magistrate Judge Greenberg issued his Report and Recommendation.[13] Magistrate Judge Greenberg recommends affirming the ALJ's denial of Chiara's benefits application.

On November 23, 2016, Plaintiff Chiara filed objections to Magistrate Judge Greenberg's Report and Recommendation.[14] Chiara makes two objections. First, Chiara argues that the ALJ improperly weighed medical evidence by giving insufficient deference to the treating physician's opinion.[15] Second, Chiara argues that the ALJ improperly determined that Chiara's testimony

---

[7] *Id.* at 20.
[8] *Id.* at 1-6.
[9] *Id.* at 32.
[10] *Id.* at 28.
[11] *Id.* at 21-32.
[12] Doc. 1.
[13] Doc. 11.
[14] Doc. 12.
[15] *Id.* at 2.

Case No. 1:16-CV-230
Gwin, J.

was not credible.[16] On December 7, 2016, Defendant Commissioner of Social Security

responded.[17] This Court reviews Chiara's objections *de novo*.[18]

## II. Legal Standard

When reviewing an ALJ's disability determination under the Social Security Act, a

district court reviews whether the ALJ's decision is "supported by substantial evidence and [is]

made pursuant to proper legal standards.[19] Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."[20]

A district court is limited in what it can review. Specifically, a district court should not

try to resolve "conflicts in evidence or decide questions of credibility."[21] A district court also

may not reverse an ALJ's decision when substantial evidence supports it, even if the court would

have made a different decision.[22]

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[23]

This Court cannot reverse the ALJ's decision, even if substantial evidence exists in the record

that would have supported the opposite conclusion, so long as substantial evidence supports the

ALJ's conclusion.[24]

To establish disability under the Social Security Act, a plaintiff must show that he cannot

engage in any substantial gainful activity because of a "medically determinable physical or

---

[16] *Id.* at 4.
[17] Doc. 13.
[18] 28 U.S.C. § 636(b)(1) (requiring de novo review of claimant's objections to a report and recommendation).
[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[20] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).
[21] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[22] *See Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that ALJ's decision cannot be overturned so long as ALJ's decision was supported by substantial evidence).
[23] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[24] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Case No. 1:16-CV-230
Gwin, J.

mental impairment that can be expected to result in death or that has lasted or can be expected to

last for a continuous period of not less than twelve months."[25]

### III. Discussion

This Court adopts and incorporates Magistrate Judge Greenberg's analysis here.

Nevertheless, the Court responds to Plaintiff Chiara's objections to the Report and

Recommendation.

Plaintiff Chiara raises two objections. First, Chiara argues that the ALJ improperly

discounted the opinion of his treating psychiatrist, Dr. Campbell.[26] Second, Chiara argues that

the ALJ improperly evaluated Chiara's credibility.[27]

### A. The ALJ stated "good reasons" for discounting Dr. Campbell's testimony.

Plaintiff Chiara argues that the ALJ improperly discounted the opinion of Dr. Campbell,

Chiara's treating psychiatrist, when the ALJ concluded Chiara was not disabled.[28] Dr. Campbell

gave the opinion that Chiara was "totally disabled" because of his anxiety, panic attacks,

depression, social withdrawal, and insomnia.[29] This Court, however, agrees with the Magistrate

Judge: the ALJ substantiated his decision to discount Dr. Campbell's opinion with "good

reasons."

Under the treating physician rule, "treating source opinions must be given 'controlling

weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable

clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the

other substantial evidence in [the] case record.'"[30]

---

[25] 42 U.S.C. § 423(d); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
[26] Doc. 12 at 1-4.
[27] *Id.* at 4-6.
[28] *Id.* at 1-4.
[29] Doc. 8 at 482, 485.
[30] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c )(2)).

Case No. 1:16-CV-230
Gwin, J.

An ALJ can give a treating source's opinion less than controlling weight, however, if he gives "good reasons" for doing so. "Good reasons" are reasons that are sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight.[31]

In deciding the weight give to a treating physician's opinion, the ALJ must consider factors such as (1) the length of the treatment relationship and the frequency of the examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as whole, (5) the specialization of the source, and (6) any other factors that tend to support or contradict the opinion.[32] An ALJ is not required to provide "an exhaustive factor-by-factor analysis."[33]

The ALJ's reasons for discounting Dr. Campbell's opinion were sufficiently "good reasons." As an initial matter, the ALJ was entitled to reject Dr. Campbell's conclusory assertion that the Plaintiff was "totally disabled." The issue of disability is a legal question reserved for the Commissioner, not the treating physician.[34]

Moreover, the ALJ cited substantial evidence, including Dr. Campbell's own records, that contradict Dr. Campbell's opinion. Throughout the alleged disability period, Chiara was able to care for his dog, drive a car, perform housework, and exercise daily.[35] Dr. Campbell's treatment notes likewise indicate that Chiara's anxiety was "controlled" and that he has "no significant depression."[36] Chiara even stated that he would enjoy working at a local casino if the

---

[31] *Id.*
[32] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007).
[33] *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011).
[34] *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).
[35] Doc. 8 at 28.
[36] *Id.* at 453.

-5-

Case No. 1:16-CV-230
Gwin, J.

benefits at issue were denied.[37] Plaintiff Chiara's engagement in these activities is inconsistent

with the severe limitations described by Dr. Campbell.

 Finally, other expert opinions bolstered the ALJ's conclusion. Drs. Voyten and Lewin,

state agency reviewers, determined that Plaintiff Chiara only had moderate limitations in social

functioning, concentration, persistence, and pace.[38] The ALJ noted that these opinions were

consistent with evidence showing that Chiara could interact with others, appear alert, and was

capable of concentration.[39]

 Substantial evidence supports the ALJ's conclusion that Chiara is capable of performing

a limited range of work. Accordingly, it was reasonable for the ALJ to discount Dr. Campbell's

opinion.

 *B. The ALJ's credibility assessment was proper.*

 Plaintiff Chiara objects to the Magistrate Judge's finding that the ALJ properly assessed

Chiara's credibility.[40]

 A reviewing court may not "try the case de novo, nor resolve conflicts in evidence, nor

decide questions of credibility."[41] In reviewing an ALJ's credibility determination, this Court is

"limited to evaluating whether or not the ALJ's explanations for partially discrediting [the

claimant's testimony] are reasonable and supported by substantial evidence in the record."[42]

 This Court finds that the ALJ's explanations for partially discrediting Chiara's credibility

are reasonable and supported by substantial evidence in the record. Here, the ALJ considered a

number of factors. For example, the ALJ emphasized that Chiara could independently carry out

---

[37] *Id.* at 23.
[38] *Id.* at 110, 142.
[39] *Id.* at 24.
[40] Doc. 12 at 4-6.
[41] *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987).
[42] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Case No. 1:16-CV-230
Gwin, J.

daily activities like walking his dog, driving a car, performing housework, attending Alcoholics Anonymous meetings, shopping, and exercising.[43] The ALJ also noted that despite Chiara's testimony that he had experienced anxiety attacks for thirty years, Chiara was able to work for decades, until he was fired in November 2011. Similarly, the ALJ considered Chiara's testimony that he does not take his psychotropic medications as prescribed as evidence that Chiara's "problems are not as severe as he alleged."[44]

The ALJ reasonably concluded that these factors together undermine Chiara's credibility. This Court agrees with the R&R that the ALJ's credibility assessment was proper.

### IV. Conclusion

For these reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the ALJ's denial of SSI benefits.


IT IS SO ORDERED.


Dated:  February 14, 2017                                    s/        James S. Gwin
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[43] Doc. 8 at 27-28.
[44] *Id.*